**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ELIZABETH AUGUSTE,**

        **Plaintiff,**

**-vs-**                                        **Case No. 6:04-cv-20-Orl-KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** UNCONTESTED PETITION FOR AWARD OF ATTORNEY'S FEES, EXPENSES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (Doc. No. 23)
>
> **FILED:** June 27, 2005
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

The plaintiff, Elizabeth Auguste, seeks an award of attorney's fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. A final judgment reversing the decision below was entered on March 28, 2005. Doc. No. 22. An award of fees and expenses is, therefore, ripe for consideration.

Auguste's attorney seeks $2,793.89 in attorney's fees for 18.45 hours of work.[1] The hourly rate he seeks is $147.73 for work performed in 2003, $151.65 for work performed in 2004 and $153.10 for work performed in 2005 pursuant to a provision in the EAJA that allows the Court to adjust the statutory hourly rate based on changes in the cost of living. Doc. No. 24. The defendant, the Commissioner of Social Security, does not oppose these hourly rates or the amount sought. After reviewing the papers submitted by Auguste, I find that the fees requested are appropriate in the absence of objection.

Auguste also seeks reimbursement for $33.25 in expenses. The Commissioner does not oppose these expenses. I find that these expenses were reasonably incurred, in the absence of objection.

It is, therefore, **ORDERED** that Auguste is awarded $2,793.89 in attorney's fees and $33.25 in expenses.

**DONE** and **ORDERED** in Orlando, Florida on June 27, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] In the petition, Auguste's attorney states that he is seeking fees for 18.15 hours of work, *see* doc. no. 23, at 1, however, his time sheets reflect that he worked 18.45 hours, *id*. at ex. 1. Since the amount to which the Commissioner agrees is computed based on 18.45 hours, I will use that figure as the basis for the attorneys' fees award.